UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MISHAELA BRENNAN          )
                          )
    Plaintiff,            )
                          )
    v.                    )    Civil Action No. 14-cv-30185-MGM
                          )
KATARINA TRANSPORT, INC. and )
ARUN KUMAR                )
    Defendants.           )

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND
(Docket No. 8)

ROBERTSON, U.S.M.J.

This action arises out of a motor vehicle accident that occurred on Interstate 91 in Western Massachusetts on January 12, 2012. On September 9, 2014, Plaintiff Mishaela Brennan ("Plaintiff"), who was injured in the accident, filed a civil action in Hampshire County Superior Court (Civ. Action. No. 14-00177) against Arun Kumar ("Kumar"), the allegedly negligent driver and a defendant in this matter, and his employer at that time, Katarina Transport, Inc. ("Katarina"), also a defendant in this case (collectively, "Defendants").

On October 21, 2014, Katarina, a business incorporated in New Jersey, filed a notice of removal with this court. Ten days later, on October 31, 2014, Plaintiff, a resident of Massachusetts, filed a Motion to Remand (Docket No. 8). On November 14, 2014, Katarina and Kumar, who resides in New York, filed an opposition to the remand motion (Docket No. 10), to which Plaintiff replied. On January 5, 2015, Kumar filed a "notice of consent to and joinder in removal" (Docket No. 15).

Plaintiff's motion to remand was referred to this court for report and recommendation on February 13, 2015. *See* 28 U.S.C. § 636(b)(1)(B). Therein, Plaintiff moves the court to remand

this case to state court because (1) Katarina's notice of removal was untimely and (2) not all defendants consented to removal, either of which results in improper removal to federal court. For the following reasons, the court will recommend that Plaintiff's motion be granted.[1]

Section 1441(a) of Title 28 of the U.S. Code allows a civil defendant to remove to federal court "any civil action brought in a State court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009). The procedure for removal is governed by 28 U.S.C. § 1446, which requires the defendant to file a notice of removal with the district court within 30 days of being served with the complaint. 28 U.S.C. § 1446(a)-(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999); *Esposito*, 590 F.3d at 76. After a notice of removal has been filed, the parties have 30 days in which to file a motion for remand for any reason other than lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Generally, "[i]n cases involving multiple defendants, pursuant to the 'rule of unanimity,' all defendants must consent to removal." *Abdullah v. American Product Co., Inc.*, 661 F. Supp. 2d 84, 85 (D. Mass. 2009).

Here, the parties' memoranda and exhibits attached thereto show the relevant facts to be as follows: On September 20, 2014, service of the complaint was effectuated on Katarina. On September 26, 2014, service of the complaint was effectuated on Kumar. On October 21, 2014, Katarina filed its notice of removal with this court.

"In cases involving multiple defendants, all defendants who have been served must join or

---

[1] The decision on the instant motion is issued as a Report and Recommendation subject to the District Court Judge's review. *See Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992) (discussing conflicting case law but declining to address the issue due to lack of jurisdiction over the appeal); *Haber v. Massey*, 904 F. Supp. 2d 136, 139 (D. Mass. 2012) ("Absent definitive guidance, this court's practice has been to proceed via a report and recommendation.") (citing *Valley Mgmt., Inc. v. Boston Rd. Mobile Home Park Tenants Ass'n, Inc.*, 736 F. Supp. 2d 344, 346-47 (D. Mass. 2010); *see also Hamilton v. Federal Home Loan Mortg. Corp.*, No. 13-cv-00414, 2014 WL 640288, *1 n.1 (D. Me. Feb. 14, 2014) (noting the circuit split and "err[ing] on the side of caution" in treating the issue as a dispositive matter).

assent in the removal petition. This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served, and failure to do so is a ground for remand." *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 190, 193 (D. Mass. 2004). While some courts require the consent to be in writing, others hold only that each defendant's consent must "be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." *Id.* (quoting *Sansone v. Morton Mach. Works, Inc.*, 188 F. Supp. 2d 182, 184 (D.R.I. 2002)); *see Pinnacle Serv. Solutions Group, Inc. v. AXA Equitable Life Ins. Co.*, 831 F. Supp. 2d 253, 525-526 (D. Mass. 2011) (citing cases). Two approaches have emerged in determining how to calculate the thirty days for multiple defendants: the "first-served defendant" approach and the "last-served defendant" approach. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d at 193; *see also Abdullah*, 661 F. Supp. 2d at 85 (applying first-served defendant approach but noting First Circuit has not endorsed one approach over the other); *Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 22 (D. Mass. 1988) (applying last-served defendant approach); *Dichiara v. RDM Technologies*, No. 08-11411, 2009 WL 1351640, *2-3 (D. Mass. Jan. 13, 2009) (discussing both approaches and adopting a "middle ground" between the two).

"The First Circuit has not adopted either rule[,]" but this court need not decide on one or the other, because even under the last-served defendant rule, "the case must be remanded because not all defendants . . . consented to [Katarina's] removal petition within thirty days." *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d at 194. "No court applying the last-served rule has eviscerated the requirement of unanimous consent by all defendants in the case." *Id.* Under this approach, having been served on September 26, 2014, Kumar had until October 27, 2014, to join in the removal petition. He did not, however, notify this court of his consent to

3

removal until January 5, 2015.[2] Nor did he file his own notice to remove within the thirty days.

Moreover, applying the first-served defendant approach, "[t]he first-served defendant's forfeiture of the right to remove, by its failure to do so within the 30-day period, binds all subsequently named or served defendants." *Webster v. Saxon Mortgage Services, Inc.*, 769 F. Supp. 2d 1, 2 (D. Mass. 2010) (citing *Gorman v. Abbott Labs.*, 629 F. Supp. 1196, 1202 (D. R.I. 1986)). Although Defendants rely on alleged "confusion" regarding service and a "clerical error" with the state court docket, this contention is unpersuasive. The exhibits submitted by the parties establish beyond dispute that Katarina was served on September 20, 2014, commencing the 30-day statutory period for filing a notice of removal. That the removal notice in this case was filed on October 21, 2014, one day late, renders the removal untimely.[3] *See Mill-Bern Assoc., Inc. v. Dallas Semiconductor Corp.*, 69 F. Supp. 2d 240 (D. Mass. 1999) (where defendant fails to remove the case within thirty days of receipt of the complaint, "the right to remove expires"). Accordingly, given that removal statutes are to be construed strictly, *see Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *Dichiara*, 2009 WL 1351640, at *5, it is this court's recommendation that the case be remanded to state court.

---

[2] Even if Katarina's opposition to the remand motion, in which Kumar joined, is considered to be notice by Kumar of his consent to removal, such notice is not sufficient as it was filed on November 14, 2014, far past the thirty-day deadline applicable to Kumar.

[3] For Katarina, the thirty-day removal period started on September 21, 2014, and ended on October 20, 2014.

4

## CONCLUSION

For these reasons, this court RECOMMENDS that the Plaintiff's Motion to Remand be GRANTED.[4]

DATED: March 12, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.